IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| The Mortgage Company, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| Certain Underwriters at Lloyd's London | ) | |
| Subscribing to Policy Number SUA | ) | |
| 13730-1602 and Bond Number SUA | ) | |
| 5838-1602, | ) | |
| | ) | |
| Defendants. | ) | |

[¶1]   Plaintiff, The Mortgage Company, Inc. ("TMC"), by and through its undersigned attorneys, brings this civil action in which it alleges as follows:

## THE PARTIES

[¶2]   Plaintiff, TMC, is a North Dakota domestic company with its principal place of business in West Fargo, North Dakota, with its principal business being the providing of mortgage loans and related services.

[¶3]   Certain Underwriters at Lloyd's London Subscribing to Policy Number SUA 13730-1602 and Bond Number SUA 5838-1602 ("Lloyd's") are comprised of six syndicates, which are further described as follows:

### A.   **AUL 1274**

"AUL 1274" is a Lloyd's syndicate owned by two corporations, Antares Underwriting Limited and Antares Capital IV Limited. Antares Underwriting Limited and Antares Capital IV are both incorporated in the United Kingdom, and the principal place of business for both is in London, England in the United Kingdom, therefore they are both citizens of the United Kingdom.

### B.   **MKL 3000**

"MKL 3000" is a Lloyd's syndicate whose sole member is Markel Capital Ltd. Markel Capital Ltd. is a United Kingdom corporation with its principal place of

business in London, England in the United Kingdom, and it is therefore a citizen of the United Kingdom.

### C.   CSL 1084

"CSL 1084" is a Lloyd's syndicate owned by Chaucer Corporate Capital (No. 3) Limited. Chaucer Corporate Capital (No. 3) Limited is a United Kingdom corporation and has its principal place of business in London, England, and it is therefore a citizen of the United Kingdom.

### D.   CNP 4444

"CNP 4444" is a Lloyd's syndicate made up of Names and Corporate Members, all of whom are citizens of the United Kingdom via residence, incorporation and principal place of business, with two exceptions being individuals who reside in New Zealand and Thailand.

### D.   VSM 5678

"VSM 5678" is a Lloyd's syndicate wholly-owned by Vibe Corporate Member Limited. Vibe Corporate Member Limited is a United Kingdom incorporated company with its principal place of business in London, England, and it is therefore a citizen of the United Kingdom.

### E.   HDU 382

"HDU 382" is a Lloyd's syndicate operated by Hardy (Underwriting Agencies) Limited and is organized and incorporated under the laws of England and Wales, with its principal place of business in London, England, and it is therefore a citizen of the United Kingdom.

### F.   HAM 3334

"HAM 3334" is a Lloyd's syndicate owned by Hamilton Corporate Member Ltd. Hamilton Corporate Member Ltd. is a United Kingdom corporation with its principal place of business in London, and it is therefore a citizen of the United Kingdom.

## JURISDICTION AND VENUE

[¶4]   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties, the amount in controversy exceeds $75,000 (exclusive of attorneys' fees and costs), and an actual and justiciable controversy exists between the parties.

2

[¶5]    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Lloyd's is/are subject to personal jurisdiction in North Dakota, and/or a substantial part of the acts and omissions giving rise to these claims occurred in North Dakota.

<u>GENERAL ALLEGATIONS</u>

[¶6]    Lloyd's is a provider of professional bonds and insurance to customers worldwide, including in West Fargo, Cass County, North Dakota.

[¶7]    Linda Caruthers ("Caruthers") is a Director of Professional Services for CRC Swett ("CRC") located in Minneapolis, Minnesota.

[¶8]    CRC is an authorized broker for Lloyd's and has authority, whether it be actual or apparent, to act on behalf of Lloyd's in selling insurance and bonds for Lloyd's, assisting in handling claims on Lloyd's behalf, and handling questions or issues on Lloyd's behalf.

[¶9]    Annette Ambuehl ("Ambuehl") is an insurance agent and President for BlackRidge Insurance ("BlackRidge").

[¶10]   BlackRidge and/or Ambuehl regularly use Caruthers and CRC to procure bonds and insurance with insurers such as Lloyd's relating to insuring professional businesses, such as mortgage companies.

[¶11]   Through CRC and BlackRidge, TMC procured insurance from Lloyd's under two separate coverages, a Professional Services Liability Policy, with Policy Number SUA 13730-1602 ("Professional Services Coverage") and a Special Mortgage Banker's Bond, with Certificate Number SUA 5838-1602 ("Banker's Bond").

[¶12]   In early March of 2017, various employees left the business of TMC and took with them valuable client information in the form of physical files and electronic files, improperly closed mortgage loans, and defectively processed various loans for other TMC

3

customers, as well as other wrongful acts, all of which proximately caused TMC significant damages (collectively "TMC Claims").

[¶13]   In April of 2017, TMC reported the TMC Claims to BlackRidge, who in turn submitted the TMC Claims to Caruthers and CRC.

[¶14]   CRC and Caruthers in turn promptly reported the TMC Claims to Lloyd's.

[¶15]   On April 21, 2017, Ambuehl e-mailed Jesse Craig ("Craig"), the President at TMC, and advised him that "our insurance company has assigned an attorney to help with the claim . . . someone from Gordon Rees Law Firm".

[¶16]   On or about April 21, 2017, Craig and TMC received correspondence from Sara Gronkiewicz-Doran ("Attorney Doran") of the law firm of Gordon & Rees LLP ("GR Law Firm").

[¶17]   The April 21, 2017 correspondence from Attorney Doran made no mention of any declination of coverage or possible declination of coverage but principally requested information for a proof of loss and contained a general reservation of rights under the Banker's Bond.

[¶18]   On May 16, 2017 the attorney for TMC, Michelle Donarski ("Attorney Donarski"), submitted a formal Proof of Loss to Attorney Doran at the GR Law Firm, noting that coverage is sought under all potential insurance coverages with Lloyd's.

[¶19]   On or about September 1, 2017, a phone conference was held between Attorney Doran, Attorney Donarski, Craig and Ambuehl, during which the available coverages and non-applicable coverages were discussed, and Attorney Doran affirmatively stated that direct losses for the TMC Claims, at least most of them, would be covered by Lloyd's.  At that time Attorney Doran requested a monetary itemization of the various claims and

4

damages, leaving no doubt in the minds of Attorney Donarski, Craig and Ambuehl that there was going to be insurance coverage benefits paid through Lloyd's for the TMC Claims.

[¶20]   No reservation of rights or other notice of a possible declination of all coverage was discussed during the September 1, 2017 phone conference or any time reasonably thereafter.

[¶21]   Reasonably relying on the representations of Attorney Doran, rather than cutting its losses and closing the business after the TMC Claims caused considerable damage to TMC business, TMC obtained significant cash infusions from Craig in excess of $1,500,000.00 to keep TMC going as a viable business despite the devastating losses arising out of the TMC Claims.   Further, reasonably relying on the representations of Attorney Doran, TMC spent substantial amounts of time and money, with the assistance of Attorney Donarski, assembling the itemization of damages as instructed by Attorney Doran on behalf of Lloyd's.

[¶22]   The detailed written itemization of damages was provided by TMC to Attorney Doran of the GR Law Firm, on or about October 19, 2017.

[¶23]   On January 15, 2018, through Attorney Doran of the GR Law Firm, Lloyd's issued a "Declination of Coverage" letter completely and totally denying insurance coverage for the TMC Claims, all to the tremendous and unexpected detriment of TMC.

[¶24]   TMC reasonably relied upon the representations of Attorney Doran about coverage with Lloyd's for the TMC Claims to its material and significant detriment.

[¶25]   Lloyd's is responsible for the acts or inactions by Attorney Doran as Attorney Doran was clearly the authorized agent of Lloyd's to handle the TMC Claims on Lloyd's behalf, whether such authority was either actual or apparent.

[¶26]   As a result of the aforementioned actions or inactions of Lloyd's and/or its agents, Lloyd's waived its rights to decline coverage for the TMC Claims.

[¶27]   As a result of the aforementioned actions or inactions of Lloyd's and/or its agents, Lloyd's should be estopped from asserting any rights to decline coverage for the TMC Claims.

[¶28]   There is an actual, justiciable controversy between the parties regarding insurance coverage for TMC for the TMC Claims under the Lloyd's Professional Services Coverage and/or the Lloyd's Banker's Bond (collectively "Lloyd's Insurance").

[¶29]   Chapter 32-23 of the North Dakota Century Code gives this Court the power to declare the rights and liabilities of the parties hereto and to give such further and other relief as may be necessary.

[¶30]   Plaintiff is entitled to a declaration that the Lloyd's Insurance provides coverage benefits for the TMC Claims or that Lloyd's is estopped from denying coverage benefits, in an amount to be proven by TMC at trial.

[¶31]   Lloyd's and its' agents have a duty to act fairly and in good faith in dealing with its insured, TMC, including a duty of fair dealing in promptly and properly investigating and paying claims, a duty not to mislead TMC, and a duty to fairly explain the position of Lloyd's on coverage or the possible denial of coverage.

[¶32]   Lloyd's breached its duty to act fairly and in good faith in dealing with TMC Claims by improperly and unreasonably refusing payment to TMC for the losses sustained

through the TMC Claims, despite having previously indicating there was going to be coverage for the TMC Claims, to the detriment of TMC by reasonably relying on such representations.

[¶33]   TMC has suffered, and will continue to suffer, significant damages as a direct result of Lloyd's bad faith.

## PRAYER FOR RELIEF

[¶34]   The above paragraphs are incorporated as if fully stated herein.

[¶35]   WHEREFORE, TMC requests this Court enter Judgment in favor of TMC and against Lloyd's as follows:

[¶36]   Declaring that the Lloyd's, either pursuant to the express policy language or due to the actions and/or inactions of Lloyd's and its agents, and/or through waiver or estoppel, provides or must provide coverage for the TMC Claims and that insurance coverage benefits must be paid by Lloyd's to TMC in an amount to be proven by TMC at trial, which amount is significantly in excess of $75,000.00;

[¶37]   For judgment against Lloyd's in favor of TMC for the bad faith handling of the TMC Claims to the full detriment that such bad faith has caused damages to TMC, in an amount to be proven at trial and which amount is significantly in excess of $75,000.00;

[¶38]   For all costs and attorney's fees incurred by TMC to obtain the coverage benefits Lloyd's should have paid, pursuant to the authority of State Farm and Casualty Company v. Sigman, 508 N.W.2d (N.D. 1993) and related statutes and precedent;

[¶39]   For costs as provided by N.D.C.C. § 32-23-10.

[¶40]   For such other and further relief as the Court deems just and equitable.

THE PLAINTIFF REQUESTS A JURY FOR ALL QUESTIONS OF FACT

7

Dated this 30th day of August, 2018.

                                /s/ Ronald J. Knoll
                         Ronald J. Knoll (ND ID #05045)
                         Anderson, Bottrell, Sanden & Thompson
                         4132 30th Avenue SW, Suite 100
                         P.O. Box 10247
                         Fargo, ND  58106-0247
                         (701) 235-3300
                         *rknoll@andersonbottrell.com*
                         Attorneys for Plaintiff

tnt f:\1816\383\fp\Complaint